UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Derrick Navarro Guillen,<br><br>        Petitioner<br><br>v.<br><br>Kristi Noem, et al.,<br><br>        Respondents | Case No. 2:25-cv-02447-CDS-NJK<br><br>**Order Denying Petition for Writ of Habeas Corpus and Emergency Motion for Preliminary Injunction**<br><br>[ECF Nos. 1, 5] |

        On November 21, 2025, petitioner Derrick Navarro Guillen was arrested by Immigration and Customs Enforcement (ICE) in Idaho. *See* I-213 Form, Pet.'s Ex. C, ECF No. 1-4. After being transferred to a facility in Nevada, Guillen hired counsel based in Las Vegas, and the EOIR scheduled his first master calendar hearing before the Las Vegas Immigration Court. Pet., ECF No. 1 at 2. That hearing was canceled because Guillen was transferred to a facility in California. ECF No. 5 at 4. However, before he was transferred, Guillen filed a petition for writ of habeas corpus pursuant to 28 U.S.C § 2241 and motion for a temporary restraining order. Pet., ECF No. 1. He later filed an emergency motion for a preliminary injunction. Mot., ECF No. 5. Therein, Guillen argues that his transfer violated his Fifth Amendment right to due process, and that it constituted arbitrary and capricious agency action in violation of 5 U.S.C. § 706(2)(A). ECF No. 1 at 8–10.

        In turn, the court held two hearings—first on January 5th, then on January 30th—and ordered supplemental briefing. Mins., ECF Nos. 17, 23.[1] The supplemental briefing revealed that a master calendar hearing for petitioner had been rescheduled, that Guillen had been in contact with his counsel, and that Guillen's counsel requested a continuance of the master calendar hearing. Suppl., ECF Nos. 16, 21; Second status report, ECF No. 22. At the end of the January

---

[1] I incorporate by reference the transcripts of those proceedings.

30th hearing, after considering the parties arguments, I denied Guillen's petition for writ without prejudice and his emergency motion as moot.

I.  Discussion

Authority delegated to the Attorney General, such as those related to immigration proceedings, is still subject to the requirements of due process. The Due Process Clause of the Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law." U.S. Const. amend. V. Indeed, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). And the Supreme Court has repeatedly recognized "that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Addington v. Texas*, 441 U.S. 418, 425 (1979). Even so, "a petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb." *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1271 (9th Cir. 2001).

Further, the APA sets a "high threshold for setting aside agency action." *City of Los Angeles v. Barr*, 929 F.3d 1163, 1177 (9th Cir. 2019) (quotation omitted). That standard is "deferential and now." *Id.* "As long as a 'reasonable basis exists for the decision'—meaning the agency 'considered the relevant factors and articulated a rational connection between the facts found and the choices made'—we presume the action is valid." *Id.* "Moreover, when Congress has explicitly given an agency the substantive authority to prescribe standards, the agency's promulgations are 'entitled to more than mere deference or weight'; rather, they are entitled to 'legislative effect.'" *Id.*

Here, Guillen fails to meet his burden of proving a due process violation or arbitrary and capricious agency action by a preponderance of the evidence. Guillen's counsel concedes that he has been in contact with his client and that the master calendar hearing has been rescheduled to February 11th. At the time he filed his petition, he had only been in detention for less than 60 days, putting him within the 90-day period a person subject to removal can be held. *See* 8 U.S.C §

1231(a)(1)(A) ("when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days").

Further, while the court is empathetic to the inconvenience that Guillen's transfer poses on his counsel's access to him, inconvenience does not equate to a due process violation. Guillen's master calendar hearing is scheduled, his whereabouts are known, and his ability to access counsel has been shown. Guillen's arguments that the respondents are purposely moving petitioner to interfere with his access to the courts and counsel lacks evidentiary support. Rather, it's based solely on argument and counsel's experience in one other habeas matter. *See Wacht v. Cardwell*, 604 F.2d 1245 (9th Cir. 1979) (holding that "argumentative assertions are no less conclusory" than bare allegations and cannot support habeas relief).

Thus, the petitioner has not shown by a preponderance of the evidence that his due process rights were violated. Nor has he shown that his removal constituted arbitrary and capricious agency action rather than a standard exercise of its discretion. *See Beltran v. Smith*, 458 U.S. 1303, 1305 (1982) ("The Attorney General has authority to transfer [the petitioner] from one facility to another in his discretion."). Therefore, Guillen's petition for writ and motion for a preliminary injunction are denied.

## II.     Conclusion

IT IS HEREBY ORDERED that Guillen's petition for writ of habeas corpus **[ECF No. 1] is denied without prejudice.**

IT IS FURTHER ORDERED that the petitioner's emergency motion for a preliminary injunction **[ECF No. 5] is denied as moot.**

The Clerk of Court is kindly instructed to close this case.

Dated: February 2, 2026

_____
Cristina D. Silva
United States District Judge